UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FERNANDO MADRIGAL,<br>Defendant. | No. 2:10-cr-00162-DAD<br><br>ORDER DENYING DEFENDANT MADRIGAL'S MOTION FOR A REDUCTION OF SENTENCE<br><br>(Doc. Nos. 304, 307) |

On February 11, 2014, defendant Fernando Madrigal was sentenced by the district judge previously assigned to this case to two consecutive 48-month terms of imprisonment for an aggregate sentence of 96 months imprisonment following his plea of guilty to Counts One and Two of a Superseding Information in which he was charged with unlawful use of a communication facility in violation of 21 U.S.C. § 843(b).[1] (Doc. Nos. 261, 263.)

[1] In the Indictment, defendant Madrigal had been charged with conspiracy to distribute and distribution of 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), which carried ten-year minimum mandatory sentences, as well as other drug counts. (Doc. No. 49 at 1-2, 12.) Those charges were dismissed pursuant to his plea agreement with the government which permitted him to enter guilty pleas to these less serious charges alleged in the Superseding Information. (Doc. Nos. 188, 261.) Moreover, as part of that plea agreement both the government and the defendant agreed and stipulated pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that a 96-month term of imprisonment was fair, just, and reasonable and was the sentence that should be imposed. (Doc. No. 188 at 4, 6-7.) Under these circumstances, it appears clear that the motion for reduction of sentence lacked merit.

1        On February 27, 2015, and again on March 9, 2015, defendant Madrigal filed pro se motions seeking a reduction of his 96-month sentence, purportedly based upon Amendment 782 to the U.S. Sentencing Guidelines after his sentencing. (Doc. Nos. 304, 307.)  On October 26, 2015, the Office of the Federal Defender for this district filed a notice that they would not be filing a supplement to defendant's pro se motion. (Doc. No. 332.)  Despite the filing of this notice, on October 26, 2015, the previously assigned district judge directed that Criminal Justice Act (CJA) counsel be appointed to represent defendant Madrigal in connection with his motion, and on October 30, 2015, CJA counsel was appointed. (Doc. Nos. 333, 336.)  However, appointed counsel never filed a supplement to the pro se motion or a notice that no such supplementation would be filed.

        On September 26, 2022, this case was reassigned to the undersigned. (Doc. No. 434.)  The long pending motion for reduction of sentence has recently been brought to the court's attention.  The inmate locator for the U.S. Bureau of Prisons (BOP), however, indicates that defendant Fernando Madrigal was released from BOP custody back on May 12, 2017. *See* https://www.bop.gov/inmateloc/.

        Accordingly, defendant Madrigal's motions for a reduction of his sentence (Doc. No. 304, 307) are denied as having been rendered moot by his release.  The Clerk of the Court is directed to again close this case.

        IT IS SO ORDERED.

Dated:   **November 1, 2023**                              *Dale A. Drozd*
                                                          DALE A. DROZD
                                                          UNITED STATES DISTRICT JUDGE